[No. 7045.    Decided November 6, 1907.]

CHARLES A. RUSSELL, *Respondent*, v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY, *Appellant*.[1]

CARRIERS — INJURY TO PASSENGER — PLEADING — INSTRUCTIONS. Where the complaint only alleges negligence of a carrier in causing a collision of two of its street cars in the most general terms, the defendant is not entitled to an instruction that the plaintiff's proof must be confined to the specific allegations of the complaint.

SAME—PRESUMPTIONS—BURDEN OF PROOF. Where a carrier admits a collision of two of its street cars, negligence is presumed, and the burden of proof is upon the defendant to show some other cause.

DAMAGES—PERSONAL INJURIES—EXCESSIVENESS. A verdict upon conflicting evidence for $500 for injuries to an ankle, sustained in jumping from a street car about to collide with another, will not be held excessive, when the court is not justified in disturbing the verdict.

[1]Reported in 92 Pac. 288.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered April 19, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger through a street car collision. Affirmed.

*Sachs & Hale*, for appellant.

*Jackson Silbaugh* and *W. R. Bell*, for respondent.

CROW, J.—Action by Charles A. Russell against Seattle, Renton & Southern Railway Company, a corporation, to recover damages for personal injuries. The plaintiff alleged that on August 5, 1906, while he was a passenger for hire on one of defendant's cars, traveling from Seattle to Renton, the defendant, its agents and servants, so carelessly operated said car and other cars on its railway that, when the car on which plaintiff was riding had proceeded to Atlantic City, it was run into and struck by another car coming from the opposite direction on the same track, causing a collision; that just before the actual collision and to save himself from impending danger, the plaintiff jumped from the car on which he was riding, and that in so doing he sustained injuries to his right ankle. The defendant admitted the collision, but denied other allegations of the complaint. From a judgment for $500 entered on the verdict of a jury, the defendant has appealed.

Appellant admits the rule of law to be that when a collision occurs between two of its cars, the happening of such collision raises a presumption of negligence on its part which it will be necessary for appellant to overcome to avoid liability for injuries received by one of its passengers as the result of such collision. Relying, however, upon the allegations of the complaint, the appellant, in support of its principal assignment of error, contends that, having alleged the collision was the result of particular and specific acts of negligence,

the respondent cannot be permitted to recover on account of other acts of negligence not pleaded. We do not find it necessary to determine the effect of an allegation of specific acts of negligence by a plaintiff in a case of this character. As we construe the complaint, it only contains most general allegations of negligence. This being true, the appellant was not entitled to insist, as it did, that the court should instruct the jury to the effect that, in presenting his evidence and establishing his right to recover, the respondent should be strictly confined to the specific acts of negligence pleaded. The entire substance of the allegations of respondent's complaint was that the defendant, its servants and agents, so negligently operated its cars, in one of which he was a passenger, as to cause a collision, causing his injuries. We fail to see how the respondent could say much less in pleading the fact of the collision. It is conceded that the collision being shown, the doctrine of *res ipsa loquitur* must apply on behalf of an injured passenger, and that the burden devolved upon the appellant to show by affirmative evidence that the collision was not caused by any negligence upon its part. Having carefully read all the evidence, we conclude there has been an absolute failure upon the part of the appellant to clear itself of negligence or to sustain the burden of proof thus imposed upon it.

As the appellant admitted the collision and failed to show its cause, we hold that, under the pleadings and evidence, the only remaining issue to be determined in this case was the amount of damages to which the respondent, if injured, was entitled. There is evidence tending to show that he was injured. The appellant contends that the amount of recovery is excessive, but we do not feel that, under all the evidence—which was conflicting, we would be justified in interfering with the verdict of the jury. We have carefully examined the entire record and have considered all the assignments of error presented, but are unable to find that any

prejudicial error has been committed by the honorable trial court.

The judgment is affirmed.

HADLEY, C. J., DUNBAR, RUDKIN, and FULLERTON, JJ., concur.

MOUNT and ROOT, JJ., took no part.