JOHN H. MARTIN ET AL. v. C. H. REXFORD ET AL.

(Filed 22 December, 1915.)

**Conversion—Claim and Delivery—Principal and Surety—Damages—Malicious Prosecution—Several Causes—Demurrer.**

Where it is alleged that, in a former action, the defendants sued out claim and delivery, seized the plaintiff's property, in which the plaintiff has obtained final judgment in his favor, but that the defendant wrongfully, unlawfully, etc., had converted the property to his own use: *Held,* the plaintiff may recover his damages in an independent action against the defendant, and, *ex contractu,* against his sureties on his bond, and where the writ has been sued out willfully, maliciously, and wantonly, punitive damages against the principal defendant alone; but where the latter damages are sought against all in the same action, the causes should be severed, and a demurrer is bad.

APPEAL by defendants from *Webb, J.,* at July Term, 1915, of SWAIN.

Civil action heard upon demurrer. From the judgment overruling the demurrer defendants appealed.

*Alley & Leatherwood for plaintiff.*
*W. L. Taylor, Frye & Frye for defendants.*

BROWN, J. The complaint alleges that in a certain civil action prosecuted by defendants against plaintiffs, the defendants sued out a claim and delivery proceeding, writ of attachment and injunction, and levied said writs upon plaintiff's property and appropriated the same to defendant's use.

The plaintiffs further allege that the said proceedings upon the part of the defendants were "wrongful, unlawful, vexatious, annoying, malicious, and without probable cause," and prayed judgment for the sum of $3,500 damage.

The plaintiffs further aver that the said action has been terminated in favor of the plaintiffs by judgment of the Superior Court of Swain County, duly affirmed by the Supreme Court of this State.

The principal ground of demurrer is that if any damages were sustained in such action by the wrongful suing out of the said proceedings, they could only be ascertained by motion in the original action, and that they are not properly the subject of an independent action. We think his Honor properly overruled the demurrer.

We have held that where attachments and kindred proceedings are issued and levied upon the property of the defendant without probable cause, the plaintiff is liable to the defendant for the damages sustained, and that they may be recovered in a separate action against the plaintiff, as well as upon his undertaking. *Tyler v. Mahoney,* 166 N. C., 509.

But the sureties upon the undertaking are only liable *ex contractu* for the actual damages sustained, while the party suing out the writ willfully, maliciously, and wantonly would be liable not only for actual damages, but in tort for punitive damages in case a jury should see fit to award them. Therefore, the action in tort will not lie against the sureties on the undertaking, and the two cannot properly be joined.

But it does not follow that the demurrer should be sustained and the action dismissed because under The Code the court in the case of a misjoinder of causes of action shall order the action to be divided into as many actions as may be necessary to the proper determination of the causes of action therein mentioned. *R. R. v. Hardware Co.,* 135 N. C., 78.

The complaint in this case is not as definite and certain as it might be. If the plaintiffs desire to prosecute the defendants *ex delicto* for a malicious prosecution, and also to prosecute the sureties upon the undertaking in the attachment and claim and delivery proceeding for the value of the property and actual damages sustained, then it is in order to divide the action and file separate complaint in each case.

Affirmed.