[No. 18185.    Department Two.    May 1, 1924.]

ALETTA A. HAYES et al., Respondents, v. JOHN M. STAPLES et al., Appellants.

MABEL A. HAYES, Respondent, v. JOHN M. STAPLES et al., Appellants.[1]

ACTIONS (23, 24)—INSURANCE (122)—INDEMNITY INSURANCE—JOINDER OF ACTIONS—LIABILITY OF SURETY—STATUTES—CONSTRUCTION. There is a direct cause of action on the bond by persons injured, entitling the plaintiff to join the insurance company with the carrier, under Rem. Comp. Stat., § 6391, requiring auto stage companies to procure liability and property damage insurance or a surety bond for compensation for all persons recovering for personal injuries by reason of the carrier's negligence; in view of Id., § 6384, providing that any person injured by the negligent act of such insured carriers in cities of the first class shall have a direct cause of action against the principal and surety on the bond, and Id., § 296, providing that several causes of action may be united when they arise out of the same transaction and affect all the parties.

CARRIERS (84)—INJURY TO PASSENGERS—NEGLIGENCE—PRESUMPTION—INSTRUCTIONS. In an action for personal injuries sustained by a passenger in an automobile stage, a prima facie case is made by admissions that defendant was a common carrier, that the stage ran off the road and turned over and that the passengers received injuries, and the jury is properly instructed to find for plaintiffs unless they believe the accident was unavoidable and not due to defendant's negligence.

SAME (84)—NEGLIGENCE—EVIDENCE—SUFFICIENCY. In a passenger's action for personal injuries sustained when an automobile stage ran off the road and turned over, defendant's evidence that the accident was caused by the breaking of a channel lock on one of the wheels and the loss of a tire on the wheel, does not establish his defense as a matter of law, when there remained the question whether proper care was exercised in inspecting the lock; and especially where there was evidence that defendant rounded a turn on the left side of the road and was forced to abruptly turn to the right, causing him to run off the road, and that the injuries to the conveyance were caused by contact with objects off the road.

TRIAL (101)—INSTRUCTIONS—REQUESTS. It is not error to refuse to follow the language of pertinent and proper requested instructions but the court may instruct in its own language.

[1]Reported in 225 Pac. 417.

NEW TRIAL (56)—GROUNDS—EXCESSIVE VERDICT—REMISSION. Re-
quiring a reduction in a verdict for personal injuries does not indi-
cate that the jury were actuated by passion or prejudice, and it is
not error to refuse a new trial on account of excessive damages
where plaintiff accepts a reduction well within the proofs.

Appeal from judgments of the superior court for
King county, Ronald, J., entered May 31, 1923, upon
the verdicts of a jury rendered in favor of the plain-
tiffs, in consolidated actions in tort. Affirmed.

*Van Dyke & Thomas,* for appellants.

*Tucker & Hyland, Ford Q. Elvidge,* and *Mary H.
Alvord,* for respondents.

FULLERTON, J.—The above entitled actions are ac-
tions for personal injuries arising out of the same
accident. They were tried together in the court below,
and resulted in verdicts awarding to the respondents
Aletta A. Hayes and R. B. Hayes the sum of $3,500,
and to the respondent Mabel A. Hayes the sum of $500.
On objection made to the amount of the verdicts, the
court allowed the first mentioned verdict to stand as
returned by the jury. As to the second, it gave the
respondent the option of taking a judgment thereon
for the sum of $200 or of submitting to a new trial.
The respondent accepted the first of the alternative
propositions, and a judgment was thereupon entered
on the first of the verdicts as it was returned, and on
the second as modified. The appeal is from the judg-
ments so entered.

The record discloses that the appellant Staples was
operating an automobile stage line over a designated
highway of the state, carrying passengers for hire;
and that a stage driven by himself, in which the re-
spondents, with others, were riding as passengers, left
the highway, ran into a ditch on the side thereof, struck

a fence and stump and overturned, causing the injuries to the respondents for which they sue. It was further disclosed that the appellant Staples was operating the stage line under a certificate of convenience and necessity issued to him by the department of public works, and that the appellant Automobile Insurance Exchange was surety on the bond required by statute to be given as a condition precedent to the granting of such a certificate.

In their actions, the respondents joined Staples and the insurance company, and the first of the errors assigned for reversal is the ruling of the trial court denying the appellants' challenge to the complaint based on the ground of misjoinder of parties defendant. But this question we need not here specially review. Since the arguments at bar, this court has met and decided the question adversely to the contention of the appellants in the case of *Devoto v. United Auto Transportation Co.*, 128 Wash. 604, 223 Pac. 1050, and that case may be consulted for our reasons for holding that the defendants were properly joined.

The second assignment of error, noticed in the order in which the appellants present them, questions the following instruction given by the court to the jury:

"It is admitted that the defendant Staples is a common carrier of passengers and that the stage ran off the road and turned over, and that each of the plaintiffs received some injury, but the extent of the injuries is denied. On these admissions you are justified in finding a verdict for each of the plaintiffs for damages for such injuries as she has satisfied you she has sustained, unless you believe that the accident was unavoidable, and not due to the negligence of Staples."

But we think the instruction, as applied to the facts of the particular case, is a correct statement of the law. The rule is general that a plaintiff makes out a

*prima facie* case of negligence against a common carrier when he shows that he was injured while riding for hire and in the usual manner on a conveyance furnished by the carrier, and that the injury was caused by some defect in or management of the conveyance over which the carrier had exclusive control. It is not necessary to go beyond our own decisions to find authority for the rule. In a long line of cases we have so held. *Williams v. Spokane Falls & N. R. Co.,* 39 Wash. 77, 80 Pac. 1100; *Firebaugh v. Seattle Elec. Co.,* 40 Wash. 658, 82 Pac. 995, 111 Am. St. 990, 2 L. R. A. (N. S.) 836; *Jordan v. Seattle, Renton etc. R. Co.,* 47 Wash. 503, 92 Pac. 284; *Russell v. Seattle, Renton etc. R. Co.,* 47 Wash. 500, 92 Pac. 288; *Harris v. Puget Sound Elec. R.,* 52 Wash. 289, 100 Pac. 838; *Topping v. Great Northern R. Co.,* 81 Wash. 166, 142 Pac. 425, L. R. A. 1915F 1174, 7 N. C. C. A. 507.

The presumption of negligence arising from such proofs is not, of course, conclusive. It is open to the carrier to show that the accident was not the result of negligence, and he is always entitled to have the verdict of the trier of fact on the question when he makes such a showing. It is true, also, that he may make such a showing as will entitle him to have the question determined as matter of law, as in the cases of *Topping v. Great Northern R. Co., supra,* and *Anderson v. Northern Pac. R. Co.,* 88 Wash. 139, 152 Pac. 1001. But the proof tendered to overcome the presumption arising from the facts is not thus conclusive in the case before us. The appellant testified, it is true, that the cause of the accident was the breaking of a channel lock on one of the wheels of the conveyance and the consequential coming off of the tire of the wheel. But this, if it were conclusively established, would not relieve him from liability. There remains the question

whether he exercised the proper care in looking after the channel lock, whether he duly tested and inspected it for the purpose of ascertaining its fitness for the purposes for which it was intended, and, behind all this, when he testifies that he did so inspect it, whether his evidence must be taken as conclusive of the fact. It is not the rule that explanations of this sort destroy as evidence the presumption arising from the circumstances of the accident. Its only effect is to overcome it, and usually after the explanation there still remains the question, on which side does the preponderance of the evidence lie—a question for the trier of the fact and not for the court. But in the present case there was evidence of negligence in addition to the general presumption arising from the facts of the accident. It was testified by disinterested witnesses that the accident happened at a curve in the highway; that the driver of the stage, on rounding the curve, drove on the left side of the way; that he met an oncoming vehicle, and to avoid striking it was forced to turn abruptly to the right; that, in so turning, he ran off the highway before he could bring his vehicle back to its proper course; and that the injuries to the vehicle were caused by the objects with which it came into contact while off the way. Manifestly, under this evidence, the court cannot say that the verdicts of the jury were contrary to law.

The third assignment is based on the refusal of the court to give certain requested instructions. But we think there was no error in this regard. Certain of the instructions could have been properly given in the language in which they were couched, but we have held in a long line of cases that the trial court need not follow the language of a request even where it is pertinent and couched in proper language, but may instruct

in its own language. (See the cases collected by Mr. Remington in his Digest, Title: Trial, § 101.) In this instance the trial judge fully and fairly stated to the jury the legal principles applicable to the issues, and we hold the instructions sufficient.

One of the grounds of the motion for a new trial was the statutory ground of "excessive damages appearing to have been given under the influence of passion or prejudice," and it is assigned that the trial court erred in not setting aside the verdicts on this ground. Concerning the question, counsel make the following argument:

"The trial court believed that assignment of error was well taken by the defendants in their motion, as applied to Mabel A. Hayes, and so held, and plaintiff acquiesced by accepting a judgment for $200.00 instead of $500.00 as the jury gave her. The same jurors, upon the same evidence, and under the same instructions, at the same time, gave plaintiff Aletta A. Hayes a verdict for $3,500.00. That it was actuated by passion and prejudice is attested by the trial court's opinion as to Mabel A. Hayes, and it seems manifest that the jurors must have been under the spell of the same passion and prejudice when they made the award to Aletta A. Hayes."

If we do not misunderstand counsel, the contention is that the ruling of court refusing to approve the verdict returned in favor of Mabel A. Hayes as to its amount was necessarily based on the ground of passion or prejudice, and that, since it so concluded, it was its duty to set aside both verdicts in their entirety; as the verdicts, if affected in part with such a vice, must be held to be so affected as a whole. But it has not been our interpretation of the rule that the court must find that the jury was influenced by passion or prejudice before it can set aside a verdict because it deems it excessive. On the contrary, our holdings are

that it may do this if it finds the verdict not supported by the evidence, even though the jury may have acted in the utmost good faith and from motives not in any manner questioned; that it may exercise its supervisory powers over verdicts in this respect as well as it may exercise them over verdicts not in its judgment supported by the evidence in any other respect. It is a part of the court's inherent powers to do substantial justice, and its powers in this respect are not affected by the declarations of the statutes. So in this instance, since it found this particular verdict was supported as to its amount only in part by the evidence, it was not only within its powers, but it was its duty to require the plaintiff either to accept a verdict in such sum as it deemed the evidence warranted, or, as an alternative, submit to a new trial. Our cases on the subject need not be cited. They are numerous, and some one or more announcing the principle can be found in any volume of our reports. It is perhaps unnecessary to say that we find nothing arbitrary in the trial court's conclusions. The verdict in favor of Aletta A. Hayes was well within the proofs, and we are satisfied that the reduction in the amount of the verdict returned for the other plaintiff brought it also well within the proofs.

The judgments are affirmed.

MAIN, C. J., PEMBERTON, MITCHELL, and BRIDGES, JJ., concur.