[No. 19418. Department Two. February 2, 1926.]

ESTELLA McCORMICK *et al., Respondents,* v. INDEX
STAGES, INCORPORATED, *et al., Appellants.*[1]

[1] ACTIONS (23, 24)—INSURANCE (122) — INDEMNITY INSURANCE—
JOINDER OF ACTIONS—LIABILITY OF SURETY—STATUTES—CONSTRUC-
TION. There is a direct cause of action on the bond by persons
injured, entitling the plaintiff to join the insurance company
with the carrier, under Rem. Comp. Stat., § 6391, requiring auto
stage companies to procure liability and property damage insur-
ance or a surety bond for compensation for all persons recover-
ing for personal injuries by reason of the carrier's negligence.

[2] CARRIERS (78, 86)—INJURY TO PASSENGER—MANAGEMENT OF CON-
VEYANCE—NEGLIGENCE—SUFFICIENCY OF EVIDENCE. In an action
for injuries to a passenger in an auto stage, thrown from the
car in rounding a curve when the door suddenly flew open, there
is sufficient proof of the allegation that the defendants care-
lessly and negligently failed to provide a safe and sufficient latch
to fasten the door, where it appears that the driver shut the
door, that plaintiff did not touch the latch, and that it flew
open on rounding the curve, and it is not a departure or failure
of proof that the driver may have failed to cause the door to be
securely latched.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered February 2,
1925, upon the verdict of a jury rendered in favor of
plaintiffs, in an action for personal injuries. Affirmed.

*Sherwood & Mansfield* and *Newton & Newton,* for
appellants.

*Wm. Sheller, Coleman & Fogarty* and *Clarence J.
Coleman* for respondents.

*John B. Van Dyke, amicus curiae.*

PARKER, J.—The plaintiffs, Mrs. McCormick and
husband, seek recovery of damages from the defend-
ants, Index Stages and Insurance Exchange, for per-
sonal injuries suffered by Mrs. McCormick, as it is

[1]Reported in 242 Pac. 1090.

claimed, caused by the negligent operation of one of the stages operated by the defendant, Index Stages, while she was a passenger thereon for hire. The defendant, Insurance Exchange, was joined as a defendant in the action because it had issued a policy of liability insurance for the protection of persons injured by the negligence of the defendant, Index Stages, in the operation of its stages, as provided by § 5, ch. 111, Laws of 1911, p. 510 (§ 6391, Rem. Comp. Stat.). The case proceeded to trial in the superior court for Snohomish county, sitting with a jury, which trial resulted in verdict and judgment awarding to the plaintiffs recovery against both defendants in the sum of $2,000, from which they have appealed to this court.

[1] It is first contended in behalf of appellants that the trial court erred, to the prejudice of both of them, in overruling their challenge, timely made by appropriate pleading, to the uniting of them as defendants and seeking recovery against both in this one action. This contention is rested upon what may be conceded to be the general rule that relief by way of damages resting on tort and relief by way of money recovery resting on contract, cannot lawfully be united in one action, especially when one defendant's liability rests upon tort and another's upon contract, which are the respective situations in which we find these appellants; their counsel citing, in this behalf, our early decisions in *Willey v. Nichols,* 18 Wash. 528, 52 Pac. 237, and *Clark v. Great Northern R. Co.,* 31 Wash. 658, 72 Pac. 477.

This contention has been answered by our later decisions, rendered in the light of ch. 111, Laws of 1921, p. 510, relating to transportation by motor vehicles, in *Devoto v. United Auto Transportation Co.,* 128 Wash. 604, 223 Pac. 1050; 130 Wash. 707, 226 Pac. 1118, and *Hayes v. Staples,* 129 Wash. 436, 225 Pac. 417.

Counsel for appellants strenuously argue, in which they are supported by an able *amicus curiae* brief, that those decisions lay down an erroneous view of the law, in their interpretation of ch. 111, Laws of 1921, *supra,* in holding that that statute authorizes the institution and prosecution of one action against a motor vehicle transportation company licensed thereunder and an insurance company issuing a liability insurance policy looking to the protection of passengers of such transportation company. We are not persuaded that we should recede from the holdings of these later decisions, and therefore adhere to the view of the law therein expressed.

It is next contended that the evidence does not support the verdict and judgment, in that there is a failure of proof warranting any finding of negligence on the part of appellant, Index Stages, as the proximate cause of Mrs. McCormick's injuries. Appellant, Index Stages, is a common carrier operating stages over a public highway in Snohomish county, being licensed so to do under ch. 111, Laws of 1921, *supra.* It had caused to be issued a liability insurance policy by appellant insurance exchange, as provided by that chapter, which insurance policy was in full force and effect at the time Mrs. McCormick was injured. Mrs. McCormick, as a passenger for hire, boarded one of appellant Index Stages' vehicles and took her place upon the right hand end of one of the seats which run clear across the car. She sat within a few inches of the door which was to her right. There was nothing in the nature of an arm to the seat at that end, the door serving that purpose by closing against the end of the seat. The door was hinged close to the back of the seat in front, and, when shut, it extended back very near to the back of the seat upon which Mrs. McCormick was sitting, the latch being to her right,

and almost even with her back. It was not possible for her to cause the door to become unlatched, if it were properly fastened, without some effort on her part. We mean by this, that it is hardly possible that the door could have become unlatched by her leaning against it, or otherwise unconsciously coming in contact with it from the inside. She testified that she did not touch the latch at any time. Soon after she took her seat, the driver closed the door and apparently caused it to be latched, so far as she could see; he claiming that he did cause it to be securely latched. He then took his place in the driver's seat and started the stage. After driving some distance, the stage rounded a turn where the road turned to the left practically at right angles, having a somewhat short curve directly at the angle; and, while making that turn at a speed of about 17 or 18 miles an hour, the door next to which Mrs. McCormick was sitting flew open. The upholstery of the seat was smooth leather, and Mrs. McCormick was instantly, upon the flying open of the door, thrown from the seat, through the open doorway, out onto the ground, and received the injuries for which she here seeks recovery. Manifestly, it was the centrifugal force, caused by the speed of the stage and the turn, that caused the door to fly open and Mrs. McCormick to be thrown out.

[2] The negligence claimed by respondents, Mrs. McCormick and her husband, as against the appellant, Index Stages, is in the failure of the driver to cause the door to be securely latched, though in the complaint the claimed negligence seems to have been stated in somewhat more general language, in this "that the defendants carelessly and negligently failed to provide a safe and sufficient latch whereby said door was fastened." The jury might well have believed, from the fact of the door flying open the way that it did upon

rounding the corner, that the latch and the catch were mechanically deficient, or that the driver did not completely close and latch the door. We think, however, this is of little consequence. Either view of the negligence would be within the alleged negligence above quoted from the complaint. The real negligence, rendering appellants liable, was the failure to securely fasten the door; whether because of a mechanically defective latch or because of failure to effectually use the latch, it seems to us, would make no difference. If Mrs. McCormick had herself assumed the duty of closing the door, possibly the question of appellants' negligence might be confined to the question of a mechanically deficient latch. We think that, since the jury were warranted by the evidence in believing that either a defect in the latch or a want of effectual use of the latch caused the door to fly open, and it being shown that Mrs. McCormick was injured by reason of the door flying open upon the turning of the corner, there was sufficient to warrant the jury in concluding that there was negligence on the part of appellant stage company approximately causing Mrs. McCormick's injuries.

Some other contentions are made and briefly argued in behalf of appellants, which we have examined with care, and think it sufficient to say that we regard each and all of them without any substantial merit.

The judgment as against both appellants is affirmed.

TOLMAN, C. J., MAIN, MITCHELL, and MACKINTOSH, JJ., concur.