[No. 19994.  Department One.  June 3, 1926.]

Alfred E. McLaughlin, *Respondent*, v. Shelton Auto
Transportation Company et al.,
*Appellants.*[1]

[1] Appeal (267)—Record—Necessity and Contents of Bill of Exceptions.  In the absence of a statement of facts, error in the excessiveness of the verdict cannot be considered.

[2] Actions (23, 24)—Insurance (122)—Indemnity Insurance—Joinder of Actions—Liability of Surety—Statutes—Construction.  There is a direct cause of action on the bond by persons injured, entitling the plaintiff to join the insurance company with the carrier, under Rem. Comp. Stat., § 6391, requiring auto stage companies to procure liability and property damage insurance or a surety bond for compensation for all persons recovering for personal injuries by reason of the carrier's negligence.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered October 19, 1925, upon the verdict of a jury rendered in favor of the plaintiff, in consolidated actions in tort. Affirmed.

*Frank C. Owings* and *Vance & Christensen,* for appellants.

*Anthony M. Arntson* and *Troy & Yantis,* for respondent.

Holcomb, J.—This action for personal and property damages, as against the appellant Shelton Auto Trans-

[1]Reported in 246 Pac. 575.

portation Company, a corporation, and for insurance on damages, as against appellant Automobile Insurance Exchange, a corporation, resulted in a verdict against the transportation company for $7,410, and against the insurance exchange, upon the insurance and liability policy, in the full sum of the policy for $5,000, as personal damages, and upon the $1,000 property policy for $590, property damages.

[1] A noticed motion by respondent to strike the statement of facts of appellant was confessed upon the argument thereof, and therefore granted, thus leaving the appeal pending upon the record transcript only. That result eliminates the third error claimed by appellants—the excessiveness of the damages awarded by the jury.

[2] The other two errors, assigned and argued by appellant Insurance Exchange, are based upon the denial of its motion to dismiss it from the case, or, in the alternative, to strike a certain paragraph from the complaint, and in overruling its demurrer to the complaint. Both assignments raise the same question.

Appellant earnestly and forcefully argues that we should abandon and overrule our former decisions in *McCormick v. Index Stages,* 137 Wash. 507, 242 Pac. 1090; *Devoto v. United Auto-Transportation Co.;* 128 Wash. 604, 223 Pac. 1050, and 130 Wash. 707, 226 Pac. 1118, and *Hayes v. Staples,* 129 Wash. 436, 225 Pac. 417; earnestly insisting that the original decision in the *Devoto* case, *supra,* was based upon an incorrect theory of statutory construction, and the subsequent cases erroneously followed the same incorrect theory. It is insisted, that the effect of the holdings of the court in the foregoing cases is so prejudicial to insurance parties in such actions, that the cases ought to be overruled and our earlier decisions in certain cases readopted.

We see no reason for receding from the rule adopted in the *Devoto* case, *supra,* and the subsequent cases following it.

It may be said, indeed, that it is universally known, that such public carrier companies are required by law to have carrier insurance for the benefit of all persons and property negligently injured, and the prejudicial effect upon juries, of joining a tortious defendant with the insurer, no longer obtains.

At all events, this case is governed by the above cited cases, and the judgment must be and is affirmed.

TOLMAN, C. J., ASKREN, FULLERTON, and BRIDGES, JJ., concur.