12938

PIPER v. AMERICAN FIDELITY & CASUALTY CO. ET AL.

(154 S. E., 106)

Messrs. *Ashley C. Tobias, Jr.,* and *Nat Turner,* for appellant,

Messrs. *John Hughes Cooper* and *W. D. Simpson,* for respondent,

June 12, 1930.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of his Honor, Judge Shipp (1) overruling a demurrer by the casualty company to the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action against that company, in that no actionable negligence is charged against it; (2) overruling a demurrer by the casualty company to the complaint, upon the ground that two causes of action, *ex contractu* and *ex delicto,* were improperly united in the same complaint; (3) refusing to strike out paragraphs 2, 11, 12, of the complaint upon the ground that the issuance of a policy of insurance by the casualty company upon the car which was the agency of injury was irrelevant to the issue between the plaintiff and the defendant bus company.

These questions are properly covered by the exceptions, but, as I view the matter, the controlling issue in the case is whether, in an action against the owner of an automobile, for damages on account of an injury sustained by his negligence, an insurance company, which has entered into a policy contract with the owner, binding itself to pay to the owner such sum as he may be held legally for, as a result of the operation of the car covered by the policy, for bodily injury or death to a person, or for injury to his property, within a prescribed amount, may be joined as a party defendant. If not, the order refusing the several motions of the defendant company should be reversed and the action dismissed as to it; otherwise the order should be affirmed.

It appears that the defendant bus company at the time of the alleged collision with the plaintiff's car, was operating a car for the transportation of passengers for compensation, in the City of Columbia, under a certificate or license issued by the State Railroad Commission, under the provisions of the Act April 8, 1925, 34 St. at Large, 252, as amended by the Act March 9, 1928, 35 St. at Large, 1238. The amendment of 1928 had the effect only of transferring jurisdiction in the matter from the State Highway Commission to the State Railroad Commission.

The Act of 1925 provided: "The Commission shall, in the granting of a certificate, require the applicant to procure and file with said Commission liability and property damage insurance, or surety bond with some casualty or surety company authorized to do business in this State, on such motor vehicle or vehicles to be used in the service aforesaid, in such amount as the Commission may determine, insuring or indemnifying passengers and the public receiving personal injury by reason of any act of negligence, and for damage to property of any person other than the assured; such policy or bond to contain such conditions, provisions, and limitations as the Commission may prescribe and the same shall be kept in full force and effect, and failure to do so shall be

cause for the revocation of such certificate.   *   *   *"
Section 5.

In an evident attempt to comply with the provisions of
the Act of 1925, the bus company, on March 16, 1929, entered
into the following contract of insurance upon the alleged
colliding car, with the defendant insurance company:
"This company is hereby bound in such a sum for which
(as?) the name owner of the motor vehicle herein described
may be held legally (for?), as the result of the operation of
said vehicle, limited to $5,000, for bodily injury or death to
one person.   *   *   *"   The remaining terms of the contract
are not relevant to the issues now presented, and are
omitted.

The complaint alleges that on March 25, 1929, at the
intersection of certain streets in the City of Columbia, the
passenger "bus" of the defendant bus company, collided with
a car in which the plaintiff was riding, throwing him out
and causing serious bodily injury to him, a result of the
"negligent, willful and wanton" operation of the "bus," for
which he demands judgment in the sum of $25,000, actual
and punitive damages.

The complaint sets forth the provisions of the Act of
1925 as above quoted, the contract of insurance, and alleges:
"That the above policy of insurance covers the above described
bus and makes the defendant The American Fidelity
& Casualty Company, Inc., liable for injuries arising from
the careless or negligent operation of the bus."

To this complaint the defendant insurance company interposed
the demurrers and motion above referred to. They
were heard by his Honor, Judge Shipp, who filed an order
dated October 10, 1929, as follows: .

"On hearing the demurrer of the American Fidelity & Casualty
Company to the complaint, and its two motions, also
the motion of the Columbia Bus Company, it is

"Ordered that the demurrer to the complaint, the motion to
dismiss the American Fidelity & Casualty Company from

the action, the motion to strike out paragraphs 2, 11 and 12 of the complaint, and the motion of the Columbia Bus Company to make one Allen Rembert a party defendant, be, and the same are, overruled and refused.

"I am of the opinion that under the Act No. 170 of 1925 as amended by Act 663 of 1928, 34 Statutes at Large, 255-6 requiring auto transportation companies to procure liability and property damage insurance or surety bond, for the benefit of passengers and the public receiving injury through the negligence of the transportation company and each motor vehicle used by them, a traveler on a public highway so receiving such injury through a collision with a motor vehicle of such transportation company, proximately due to the latter's negligence, may join the insurer as a defendant along with the transportation company in an action to recover the resulting damages. The cause of action against the transportation company and that against the insurer grow out of, and are connected with, the same transaction, and may properly be joined.

"There could be only two possible objections to such joinder:

"1. The joining of a cause of action in tort with a cause of action in contract, and

"2. Lack of privity of contract between the plaintiff and the insurance company.

"I am of the opinion that under the Code pleading of this State it is permissible to join tort and contract in the same action if they arose out of the same transaction or actions connected with the same transaction. Code of Civil Procedure, 1922, Section 430, Sub-section 1.

"In regard to the question of privity of contract, it appears to me that since the statute requires the bus company to carry insurance for the benefit of any persons injured through the negligent operation of the buses, the contract of insurance is made for the benefit of just such third parties as the plaintiff and that the plaintiff can sue on it. *Devoto*

*v. United Auto Transportation Co. et al.,* 128 Wash., 604, 223 P., 1051; *American Auto Insurance Co. v. Struwe* (Tex. Civ. App.), 218 S. W., 534; *Caldwell v. Carroll,* 139 S. C., 166, 137 S. E., 444.

"Otherwise, it would be necessary to bring two suits in order to enforce a common liability growing out of the same transaction and in the second action against the insurer, it might be urged that it was not bound by the judgment against the transportation company, which it had no opportunity to defend.

"The defendant, the American Fidelity & Casualty Insurance Company, shall have twenty days, after the date of this order, to answer the complaint."

From this order the defendant insurance company has appealed.

The first question to be decided is the nature of the contract of insurance. Is it a contract of indemnity in favor of the bus company against any recovery by a passenger against it for an injury sustained by reason of the negligence of the bus company; or is it a contract to respond to any liability which the bus company may legally incur?

The difference between a contract of indemnity and one to pay legal liabilities is that upon the former an action cannot be brought and a recovery had until the liability is discharged; whereas upon the latter the cause of action is complete when the liability attaches.

Applied concretely to the present case: If the contract of insurance should be considered as simply a contract to indemnify the bus company from any damages which it might be compelled by law to pay to one injured by its negligence (that is, a contract made solely for the benefit of the bus company) it seems perfectly clear that the person injured would have no interest therein, and that the insurance company would not be liable to pay to the bus company anything except by way of reimbursement for what it had been obliged to pay.

But if it should be construed as a contract to answer for any *liability* incurred by the bus company under such circumstances, it seems equally clear that it would inure to the benefit of such injured person immediately upon the imposition or incurring of the liability, and that it would not be essential that the bus company had paid out anything.

In 1 Joyce, Ins. (2d Ed.) § 27b, it is said.: "A distinction is made between contracts for indemnity against *liability,* and those of indemnity against *loss.* In the former case the insurer's obligation becomes fixed *when liability attaches* to the insured. In the latter case the insurer's liability does not attach until loss has been suffered, that is, when the insured has paid the damages."

From the terms of the Act of 1925 and of the contract of insurance as set forth in the complaint, I think it is clear that the contract provides for indemnity against *liability* and not simply against *loss.* The act specifically requires "liability" insurance, which shall be a policy "insuring or indemnifying passengers * * * receiving personal injury by reason of any act of negligence" on the part of the insured; the contract binds the insurer to pay such an amount as the owner of the insured car may be held bound for, on account of bodily injury to any person, passenger, or other than the insured. The *payment* by the insured is not logically a condition precedent to his liability to the injured person, and consequently not so to the obligation to the company to him.

Further in the same Section 27b, Mr. Joyce says: " Where the insurer expressly binds himself to pay all damages with which insured may be legally charged or required to pay, *or for which he may become legally bound,* it is not only a contract of indemnity, but also a contract to pay liabilities, and a recovery may be had thereon as soon as the liability attaches to insured and before he is discharged."

This is illustrated by the case of *American Employers' Liability Ins. Co. v. Fordyce,* 62 Ark., 562, 36 S. W., 1051,

1053, 54 Am. St. Rep., 305. A policy was issued to a street car company, containing a clause that the insurance company would pay to the insured all damages with which the insured may be legally charged or which it may be required to pay by reason of its liability on account of injury to any one traveling on the line or for which the insured may be legally liable. A passenger was injured on the railway and recovered a judgment against it. The road went into the hands of a receiver before paying the judgment. Later *the receiver* brought suit against the insurance company for the amount of the judgment which had been recovered against the railway but which had not been paid. The receiver had a judgment, and the insurance company appealed upon the ground that its liability upon the policy was for the loss which the railway or its receiver had sustained and the judgment not having been paid the insured had sustained no loss. The Court in sustaining the judgment in favor of the receiver said: "This is not simply a contract of indemnity [against *loss,* I interpolate]. It is more; it is also a contract to pay liabilities. The difference between a contract of indemnity [against *loss*] and one to pay legal liabilities, is that upon the former an action cannot be brought, and a recovery had, until the liability is discharged; whereas upon the latter the cause of action is complete when the liability attaches"—citing cases.

See, also, *Frye v. Bath, etc., Co.,* 97 Me., 241, 54 A., 395, 396, 59 L. R. A., 444, 94 Am. St. Rep., 500, where it was held, construing the policy as indemnity against *loss,* that the employee had no interest in the policy and that it was given solely for the protection of the insured. The distinction above referred to is clearly drawn, and that case distinguished from the *Fordyce case* above cited. The Court said: "In this case, as we have seen, the contract was one of indemnity only. It was not obtained * * * for the benefit of its employees, but for its own benefit exclusively, to reimburse it for any sum that the company might be

obliged to pay, and had paid, on account of injuries sustained by an employee through its negligence."

The policy here was issued in compliance with a statute plainly intended for the benefit of the public; it can hardly be conceived that the General Assembly would have been solicitous in the interest of the bus company corporation.

See, also, *Anoka Lumber Co. v. Fidelity & Casualty Co.,* 63 Minn., 286, 65 N. W., 353, 30 L. R. A., 689; *Kennedy v. Fidelity Co.,* 100 Minn., 1, 110 N. W., 97, 9 L. R. A., (N. S.), 478, 117 Am. St. Rep., 658, 10 Ann. Cas., 673. A consideration of these two cases will clearly demonstrate the distinction suggested. *Hoven v. Employer's Liability Assur. Corp.,* 93 Wis., 201, 67 N. W., 46, 32 L. R. A., 388.

I think unquestionably that the insurance policy was required by the Act to be, and was issued by the company, for the benefit of any person injured by the negligence of the bus company, and that as such beneficiary, under many decisions of this Court, he had such an interest in the policy as would have sustained an action against the insurance company regardless of a discharge of the insured by payment of damages. *Caldwell v. Carroll,* 139 S. C., 163, 137 S. E., 444. See particularly the authorities cited in the dissenting opinion.

The conclusion, however, that the injured party has a direct beneficial interest in the policy issued to the insured tort-feasor, and as such would be entitled to sue the insurer upon it, either before or after he may have recovered a judgment against the insured tort-feasor, does not settle the main issue whether the two causes of action may be joined in the same action.

It must be remembered that, in sustaining the right of the injured person to sue the insurer of the tort-feasor, the right is grounded, first, upon the construction of the policy as an indemnity against *liability,* not against *loss* simply, and upon the conclusion that the injured person, under the statute and under the contract of in-

surance, has a beneficial interest in the policy. It is apparent that this right would not accrue to a person who might be injured by the operation of a car belonging to one not a common carrier under the provisions of the Act of 1925. The insurance in such a case would ordinarily be simply an indemnity against *loss,* affecting only the insured and that in the policy the person injured would not have a beneficial interest, and consequently would not have the rights of one injured by an automobile covered by the Act of 1925.

Considering then the issue of a joinder:

The plaintiff states in his complaint a cause of action against the bus company for damages on account of its alleged negligent and willful act in colliding with and damaging his automobile, for which he asks *actual and punitive damages* in the sum of $25,000—clearly a cause of action *ex delicto,* arising out of the immediate circumstances of the collision. He also states in his complaint, though not separately, as the Code requires, a cause of action against the insurance company, upon its contract of insurance, in which he has a beneficial interest, and asks judgment against it for the same amount, $25,000, although the policy is limited to $5,000 and to injury caused by the *negligence* of the insured—clearly a cause of action *ex contractu.*

The defendant company insists that there is a misjoinder of causes of action for the reason that one alleged cause of action is based upon contract and the other upon tort. I do not think that this objection can prevail. The premises of the objection are unquestionably true, but, under the provisions of Section 430 of the Code Civ. Proc., the conclusion does not necessarily follow. That section provides that several causes of action may be united in the same complaint where they arise *out of the same transaction;* there is nothing in the statute which places any other limitation upon the character of the cause of action. A cognate section of the Code Civ. Proc. § 411 (that relating to counterclaims), has recently been considered by the Court

in the case of *Columbia Nat. Bank v. Rizer,* 153 S. C., 43, 150 S. E., 316, 317, where it was held: "There is nothing in subdivision 1 of the section quoted that intimates a purpose to limit the counterclaim to causes of action based upon contracts; the only restriction is that the cause of action which is made the basis of the counterclaim shall have arisen out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or be connected with the subject of the action; clearly this cause of action may sound either in contract or in tort. If it had been intended that the counterclaim should be limited to causes of action based upon contracts, it would have been easy to insert a condition to that effect, as was done in subdivision 2 of the section; the absence of such a limitation presents a strong inference that none was intended"— which appears quite apposite the present question.

If the plaintiff's cause of action against the bus company had been simply for *actual damages,* based upon the *negligence only* of that company, there would have been no doubt in my mind but that that cause of action and the cause of action against the insurance company upon its liability indemnity could be said to have arisen out of the same transaction, the collision of the "bus" with the plaintiff's car. The cause of action based upon *the negligence* of the bus company, could certainly have been attributed to the collision; that upon the contract of insurance would have been considered *in germio* until the collision occurred, and then it would have immediately come into being. Up to that moment the plaintiff would have had no cause of action against the insurance company; as soon as the collision occurred he did have. It seems logically to follow that it would have arisen out of the same transaction, the collision that gave birth to the plaintiff's action in tort.

"If all the other requisites of the statute are complied with, legal causes of action of the most dissimilar character —for example, contract and tort—may be united in one

proceeding, provided they arise out of the same transaction or out of transactions connected with the same subject of action." Pom. Rem. & Rem. R. (2d Ed.), § 463.

It seems clear under this hypothetical condition of the pleading also that the two causes of action would have reciprocally affected both parties defendant to the action, the bus company and the insurance company, along with the plaintiff. It is an essential condition to a proper joinder that the united causes of action "must affect all the parties to the action."

Granting that the policy was one of indemnity against liability; that this with the statute gave the plaintiff a beneficial interest in the policy; that he had the right to sue the insurance company upon the policy the moment after the collision occurred; and that he had the right to unite in the same complaint a cause of action against the bus company based upon its negligence with a cause of action against the insurance company upon its indemnity contract—the question is whether he can unite a cause of action against the bus company for punitive damages based upon an alleged *willful, wanton, and malicious act,* for which the insurance company has not assumed indemnity, with a cause of action against the insurance company upon its indemnity contract to answer only for the negligence of the bus company. I do not think that this can be done under the express limitation of the Code that the causes of action united "must affect all of the parties to the action."

The plaintiff, under the Jumbling Act (Code Civ. Proc. § 427), on the *tort* side of his case against the bus company has alleged two distinct causes of action, one for actual damages based upon the *negligence* of the bus company and one for *actual and punitive damages* based upon the willful, wanton, and malicious act of the bus company, for an aggregate amount of $25,000 damages; on the *contract* side of his case he has alleged a single cause of action based upon the policy of insurance to the extent of the amount of

the policy, $5,000, and could recover from it only such *actual* damages as may have resulted from the *negligence* of the bus company.

It seems clear that, as to so much of the plaintiff's cause of action as was based upon the negligence of the bus company, the plaintiff is necessarily limited to the amount of the policy and the excess up to the amount sued for, $25,000, does not at all "affect" the insurance company.

It seems equally clear that the insurance company under the Statute and under the contract of insurance was liable only for such damages as resulted from the *negligence* of the insured; it was not at all concerned in the plaintiff's cause of action for punitive damages, and was not therefore "affected" in the slightest degree thereby.

In the case of *Bennett v. Ry. Co.*, 97 S. C., 27, 81 S. E., 189, 190, it was held that an administrator whose intestate died from injuries negligently caused could not unite in a single action a cause of action based upon the survival statute with one under Lord Campbell's Act, since the real parties in interest and *the elements of damages recoverable are different*. Upon the last phase of the matter the Court said: "Moreover, the elements of damage recoverable are entirely different. In the first, plaintiff may recover all damages which his intestate sustained by reason of the injury, such as physical and mental suffering, the expenses, loss of time, and impaired capacity. In the other, no damages resulting to the deceased are recoverable, but only such as her death caused to her husband and children. Necessarily, therefore, there must be separate verdicts and separate judgments, and hence there should be separate actions and separate trials."

Tested by this rule, it appears evident that the causes of action cannot be united in the present action. The cause of action against the bus company is for *$25,000 actual and punitive damages;* that against the insurance company necessarily excludes the element of puni-

tive damages, and must of course be limited to *$5,000,* the amount of the policy.

The *Bennett case* was reviewed in the case of *Grainger v. R. Co.,* 101 S. C., 399, 85 S. E., 968, 969. The Court there held: "These two causes of action cannot be joined in one action, and judgment in one is not a bar to the other.. The beneficiaries, the cause of action, the measure of damages, are all different." *Peeples v. R. Co.,* 115 S. C., 115, 104 S. E., 541; *Ryder v. Jefferson Hotel Co.,* 121 S. C., 72, 113 S. E., 474, 25 A. L. R., 739; *Hall v. Waters,* 132 S. C., 117, 128 S. E., 860.

In *Martin v. Rexford,* 170 N. C., 540, 87 S. E., 352, 353, it was held that an action of tort for punitive damages against a party wrongfully suing out a writ of attachment or claim and delivery cannot be joined with an action *ex contractu* against the sureties for the actual damages sustained. The Court said: "But the sureties upon the undertaking are only liable *ex contractu* for the actual damages sustained, while the party suing out the writ willfully, maliciously, and wantonly would be liable, not only for actual damages, but in tort for punitive damages in case a jury should see fit to award them. Therefore the action in tort will not lie against the sureties on the undertaking, and the two cannot properly be joined."

In *Willis v. Galbreath,* 115 Ga., 793, 42 S. E., 81, the syllabus is: "An action of tort, based upon an alleged malicious abuse of process by the principals named in an attachment bond, cannot properly be joined with an action *ex contractu* upon that bond against them and the person who signed it as surety."

In *Bell v. Thompson* (Ky.), 102 S. W., 830, the syllabus is as follows: "Under Civ. Code Prac., § 83, as to joinder of causes of action, a cause of action for maliciously suing out an attachment may not be joined with one for breach of the idemnifying bond by plaintiff in attachment and his surety."

In *R. Co. v. Wakefield Hardware Co.*, 135 N. C., 73, 47 S. E., 234, the syllabus is: "Code, § 267 (1), provides that a plaintiff may unite in one complaint several causes of action where they arise out of the same transaction connected with the same subject of action; and Section 267 (7) provides that each of them must affect all of the parties to the transaction. Held, that a plaintiff could not unite in one suit a cause of action for wrongful attachment and one against the surety on the attachment bond for a breach thereof."

The Court said: "In this case the plaintiff has sued the hardware company for wrongfully and maliciously causing to be issued the attachment for which the said company alone is liable in damages, and has joined as a defendant A. W. Vickory, the surety on the attachment bond, who is liable solely by reason of his suretyship on his contract of indemnity, and to the amount only of the penalty of the bond, $200. One cause of action, therefore, is for the wrongful and malicious injury to the plaintiff (using the word 'injury' in its technical sense), and the other is for the breach of the condition of the attachment bond, and the defendant Vickory can in no way be 'affected' by the former. He is not liable generally to the plaintiff for damages simply because he signed the bond as surety, but his liability arises entirely out of contract, and is quite different in its nature from that of his co-defendant for the tort it is alleged to have committed in maliciously suing out the attachment."

In *Hoye v. Raymond*, 25 Kan., 665, it was held that, in an action on a constable's bond for wrongful levy by a deputy on property not belonging to the debtor, a count on the constable's bond against the constable and his sureties cannot be joined with a count against the constable and his deputy for the tort committed by the deputy.

I fully appreciate the laudable policy of settling all possible issues between parties in a single action when that can be done without embarrassment or prejudice to one of the

defendants. I do not think that this result can possibly be attained in this action. The jury would have to be instructed from so many angles that confusion would inevitably result —that, if the act of the bus company was found to have been negligent, a verdict against the bus company for actual damages could be rendered up to $25,000; but against the insurance company for not more than $5,000; if it was found to have been willful, a verdict against the bus company for actual and punitive damages could be rendered up to $25,000, but nothing against the insurance company.

It is readily conceivable that, in an action by the bus company against the insurance company, the latter would have a defense based upon the terms of the policy; that would precipitate a controversy between them entirely apart from the controversy between the plaintiff and the bus company. It is but natural to assume that such a defense would be greatly hampered by the side issue of the injury to the plaintiff and the responsibility of the bus company to him therefor.

For these reasons I think that the order appealed from should be reversed.

The following cases in great measure sustain the proposition that under a statute similar to ours, giving the owner of an automobile injured or damaged by a public service bus company which has taken out liability insurance a beneficial interest in the policy, the owner of the automobile may join a cause of action against the wrongdoing bus company for injuries *resulting from its negligence* with the insurance company which has issued a policy of indemnity liability. This rule would not apply to a case involving an injury by the owner of a privately owned and operated car, who may have taken out insurance against a loss which he may sustain, or to a case involving punitive damages by reason of the willful tort of a bus company. *Williams v. Express Lines,* 195 N. C., 682, 143 S. E., 256; *Brown v. Auto Service Co.,* 195 N. C., 647, 143 S. E., 258; *Harrison v. Southern Transit Corp.,* 192 N. C., 545, 135 S. E., 460; *Beuke v. Mining &*

*Manufacturing Co.,* 100 W. Va., 141, 130 S. E., 132; *Milliron v. Dittman,* 180 Cal., 443, 181 P., 779; *Citizens' Nat. Bank v. Angelo Bros.,* 193 N. C., 576, 137 S. E., 705; *Conwell v. Hays,* 103 W. Va., 69, 136 S. E., 604; *New York Indemnity Co. v. Ewen,* 221 Ky., 114, 298 S. W., 182; *Ducommun v. Inter-State Exchange,* 193 Wis., 179, 212 N. W., 289, 214 N. W., 616; *McLaughlin v. Auto Transp. Co.,* 139 Wash., 253, 246 P., 575; *McCormick v. Index Stages,* 137 Wash., 507, 242 P., 1090.

A majority of the Court being of this opinion, the judgment of this Court is that so much of the order of his Honor, Judge Shipp, as overruled the second ground of demurrer above set forth be reversed, and that the case be remanded to the Circuit Court, with direction to sustain the demurrer upon said ground, with leave to the plaintiff to amend the complaint as he may be advised, consistent with the conclusions herein announced.

MR. JUSTICE BLEASE concurs in result.

MR. JUSTICE CARTER concurs.

MR. CHIEF JUSTICE WATTS and MR. JUSTICE STABLER dissent.

MR. JUSTICE CARTER (concurring) : I concur for the reason that it clearly appears, under the allegations of the complaint, that the measure of damages against the defendant American Fidelity & Casualty Company is different from the measure of damages against the other defendants; the amount recoverable against the American Fidelity & Casualty Company differs from the amount recoverable against the other defendants.

MR. CHIEF JUSTICE WATTS (dissenting) : For the reasons assigned by his Honor, Judge Shipp, it should be the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. JUSTICE STABLER concurs.