[No. 25720. *En Banc.* November 12, 1936.]

LEVI MITCHELL, *Respondent,* v. GEORGE C. CADWELL et al., *Appellants.*[1]

[1]Reported in 62 P. (2d) 41.

*Roberts & Skeel, W. R. McKelvy, Joseph T. Woods, E. L. McDougal,* and *John Wilkinson,* for appellants.

*Ronald Moore,* for respondent.

TOLMAN, J.—This action arises out of a traffic accident at the intersection of Fourth avenue and Ash street, in the city of Kelso.

The plaintiff testified that he was driving north on Fourth avenue in a Ford coupe. As he approached Ash, an arterial street running east and west, he stopped at the stop sign some twenty-four feet south of the south curb line. He looked to his right (east) and saw a truck some two hundred fifty or three hundred feet distant, driving westerly on Ash toward Fourth avenue. The point at which he saw the truck was some fifty feet east of another north-and-south avenue intersecting Ash street. He drove slowly, and, as he entered the intersection, he looked again to his right and saw the truck some two hundred feet away, it having crossed the other intersecting street; that, assuming he could safely pass through the intersection, he proceeded at a moderate rate of speed, between six and eight miles an hour. Just as the rear of his car had passed the north curb line of Ash, and while opposite the sidewalk, his car was struck by the truck and driven across Fourth avenue to the west curb. The truck colliding with the plaintiff's car was owned and operated by the defendant Cadwell as a common carrier and driven by Walter Wooten, an employee.

Wooten testified to this effect: The cars collided in the intersection. He was driving westerly on Ash street, intending to turn to the south, his left, on Fourth avenue to make a delivery of goods. He saw

plaintiff's car pass the stop sign without stopping. When he first saw plaintiff's car, he was one hundred twenty-five feet from the intersection, and plaintiff was moving rather slowly as he entered the intersection. When the plaintiff reached the center of the street, he slowed down as if going to stop, then suddenly his car gave a jerk, as if he had stepped on the gas, and shot directly in front of the truck. When the driver saw that a collision was inevitable, he applied his brakes and swerved to the right as quickly as he could, thinking that the plaintiff would stop in time and that he could pass him. The driver of the truck turned shortly to the right because he saw another car coming toward him, and, if he had turned to the left, he would have collided with it.

He was approaching the intersection at between twenty and thirty miles an hour. He did not know how fast he was going when he hit the plaintiff's car. After the accident, his truck was pointing diagonally across Fourth avenue, and the rear of the truck was in the intersection. He was about twenty feet from the point of impact when he realized the accident was inevitable.

A bystander who saw the accident testified that both cars changed their courses before the impact, the Ford coupe turning slightly to the west and the truck turning slightly to the east.

At the close of plaintiff's case, the defendants challenged the sufficiency of the evidence. The challenge was denied, as was a like challenge at the close of all the evidence. The jury returned a verdict in favor of the plaintiff for $8,965, and, after the denial of motions for judgment notwithstanding the verdict and, in the alternative, for new trial, judgment was entered upon the verdict. The defendants appeal.

The assignments based upon the court's denial

of the challenges to the sufficiency of the evidence and of the motion for judgment notwithstanding the verdict are without merit. These motions were to be considered solely in the light of the plaintiff's evidence, and, so considered, there was enough evidence to carry the case to the jury.

Error is assigned upon the giving of instruction No. 9 by the court. While a general exception was taken to this instruction, the specific objection urged upon the court was directed to the last paragraph of the instruction, which follows:

"You are further instructed that if you find from the evidence in this case that the collision occurred outside of the intersection of Ash and Fourth Street, that the rules of the road concerning the entering of automobiles into intersections would not apply to the plaintiff in this action."

We are of the opinion that the court committed reversible error in giving this instruction. It is obvious that it was calculated to mislead the jury into the view that, regardless of the train of circumstances originating within the intersection, if the actual collision happened outside the intersection, the respondent would be absolved from the consequences of a breach of the rules of the road in the manner of entering the intersection.

While the respondent's contention was that, in his progress north on Fourth avenue, he was run into after he had safely passed the intersection, the appellants' contention was that the driver of the truck was going westward on Ash street with the purpose of turning south on Fourth avenue, and that, as he approached the intersection, realizing that a collision was threatened, he swerved his car slightly to the right, the respondent turning slightly to the left; that the truck, when so turned, was pointing diagonally toward the

west side of Fourth avenue, and struck respondent's car within the intersection, impelling it to the west side of the avenue and outside the intersection. The position of the vehicles after the collision gives color to the appellants' contention. This would bring the case within the rule announced in *Hook v. Kirby,* 175 Wash. 352, 27 P. (2d) 567, where it is said:

"While it is true that the first collision of the cars and the subsequent impact of respondent's car with the tree occurred south of the intersection, the train of circumstances from which these resulted had its origin in the situation of the drivers as they entered the intersection. The testimony gives no color to the claim that respondent driver was attempting to pass appellants' car on the right in the sense forbidden by law. The testimony warrants the conclusion, evidently reached by the jury, that what respondent was trying to do was not to pass but to get out of the way of appellants' car to avoid injury."

Of course, in the abstract, it would be correct to say that if, in his orderly progress on Fourth avenue, the respondent had passed out of the intersection, the manner in which he entered or passed through it would be of no concern, and an instruction to that effect, properly qualified with relation to the issue, would not be objectionable, but the unqualified instruction tended to mislead and confuse the jury.

The appellants assign as error the order of the court overruling the demurrer of appellant casualty company for misjoinder, and the denial of a motion to strike from the complaint reference to the casualty company and its policy of liability insurance.

Since the trial below, this court has passed upon the question thus raised in the case of *Keseleff v. Sunset Highway Motor Freight Co.,* 187 Wash. 642, 60 P. (2d) 720, where, under like facts and conditions, we

held that the insurance company could not be joined as a defendant in an action against the tort feasor whom it had insured. We there held that the allegation in the complaint that the insurance company had issued to the tort feasor its liability insurance policy, in and of itself, negatived any right of the injured party to join the insurer as a party defendant in his action against the insured. The subject is fully considered and treated in the *Keseleff* case, and there is no occasion for repetition or amplification.

In view of the results which we have reached, other assignments of error need not be considered.

The judgment appealed from is reversed, with directions to dismiss as to the corporate defendant and to grant a new trial as to the individual defendant.

BEALS, BLAKE, MAIN, MITCHELL, STEINERT, and GERAGHTY, JJ., concur.

HOLCOMB, J. (dissenting)—I concur in the decision of the majority in granting the new trial to the individual defendant. I am, however, not yet persuaded that the dismissal of the corporate defendant from the action is correct.

Although apparently alone in this view, it seems clear to me that the manifest intent of the legislature in passing § 5, Laws of 1933, p. 617, as amended by § 4, Laws of 1933, Ex. Ses., p. 144, was to require the carriers designated in the act to procure insurance having the incidents of ordinary liability policies and to give a direct action to injured parties, in line with the policy of the legislature to simplify procedure, against both the offender and the insurer without a second suit against the insurer. That is authorized by our practice act, Rem. Rev. Stat., § 296 [P. C. § 8380], and upheld in *Devoto v. United Auto Transportation Co.,* 128 Wash. 604, 223 Pac. 1050; *Hayes v. Staples,* 129 Wash.

436, 225 Pac. 417; *McCormick v. Index Stages, Inc.*, 137 Wash. 507, 242 Pac. 1090, which should govern here.

Upon that question, I dissent.

MILLARD, C. J. (dissenting)—I am of the view that no prejudicial error was committed and that the judgment should be affirmed.