[No. 26962.   Department Two.   August 5, 1938.]

R. D. HAMILTON, as *Special Administrator, Respondent,*
v. GEORGE C. CADWELL *et al., Appellants.*[1]

*Roberts & Skeel* and *W. R. McKelvy,* for appellants.

*Ronald Moore,* for respondent.

[1]Reported in 81 P. (2d) 815.

684

MILLARD, J.—On April 25, 1934, a Ford coupe operated by Levi Mitchell, traveling in a northerly direction on Fourth avenue (a north and south highway), collided at the intersection of that avenue and Ash street (an east and west *arterial* highway) in the city of Kelso with defendants' truck, which was proceeding westward on Ash street. In the middle of Fourth avenue, twenty-eight feet south of the south curb line of Ash street, is a stop sign. Mitchell stopped at this sign and looked to the right and to the left. He then proceeded and entered on the arterial highway without stopping at the intersection of the arterial highway with Fourth avenue. His automobile, when all or a portion of it had passed the north curb line of Ash street, was struck by defendants' vehicle.

On appeal (*Mitchell v. Cadwell,* 188 Wash. 257, 62 P. (2d) 41) of the defendants, the judgment, in the action brought by Mitchell to recover for personal injuries sustained by him as a result of the collision, was reversed, and the cause was remanded for a new. trial on the ground of prejudicial error in giving a certain instruction and in joining as a party defendant the company which had issued to defendants a liability insurance policy.

The second trial of the cause, in which only the owners and operators of the truck were made parties defendant, resulted in a verdict in favor of the plaintiff. From the judgment entered on the verdict, motions for judgment notwithstanding the verdict and for a new trial having been overruled, the defendants appealed.

Levi Mitchell died subsequent to the appeal, and R. D. Hamilton, special administrator of the deceased, was substituted as respondent.

The assignments based on the denial of the challenges to the sufficiency of the evidence and of the motions

for judgment notwithstanding the verdict are without merit. As stated in the opinion on the former appeal, these motions were to be considered only in the light of the respondent's evidence; and, so considered, there was enough evidence to carry the case to the jury. The evidence on the second trial was not materially different from the evidence adduced on the first trial.

■ · Counsel for respondent argues that, on this appeal, we may not consider assignments of error that were also made on the first appeal, even if we did not review such assignments on the first appeal. It is insisted (*Morehouse v. Everett*, 141 Wash. 399, 252 Pac. 157, 58 A. L. R. 1482, cited as sustaining authority) that all questions determined on the previous appeal, or which, being involved, might have been determined on that appeal had they been presented, should not be considered on this appeal, as those questions are settled as the "law of the case."

The "law of the case" is a rule which should be restricted to such questions as have been presented and decided on the former appeal, and those necessarily involved in such decision.

The only questions considered on the first appeal were the sufficiency of the evidence and the errors assigned on the giving of a certain instruction and the joining of an insurance company as a party defendant. We stated in reversing the judgment on the first appeal that we did not consider any questions other than those mentioned in the opinion. It follows, in view of our specific statement, that the appellants would be entitled, having again assigned errors similar to or the same as those committed on the first trial and which we did not consider, to a review on a subsequent appeal of such assignments of error.

■ Over objection of appellants, Mitchell was permitted to testify, in answer to a question whether, if

the truck had continued on its course and had not turned to the right, his automobile would have been struck. "It could not have been struck if they had not come off of the intersection."

Counsel for appellants contend that the court erred in admitting that testimony as it called for a conclusion. *Shelley v. Norman,* 114 Wash. 381, 195 Pac. 243, does not sustain the argument of respondent to the effect that the evidence to which appellants object calls for a mere matter of calculation; therefore, it was not objectionable. The question was improper; however, the conclusion of the witness that, if the truck had continued on its course and had not veered to the right, the automobile of the deceased could not have been struck, was a conclusion which carries but little weight.

Counsel for appellant next complain of the following instruction, the particularly objectionable portion of which we have italicized.

"You are further instructed that it is the law of the state of Washington that a driver shall not exceed fifteen miles per hour in traversing an intersection of highways where the driver's view is obstructed. A driver's view shall be deemed to be obstructed when at any time during the last one hundred feet of his approach to such intersection, he does not have a clear and uninterrupted view of such intersection and of the traffic on all the highways entering such intersection for a distance of three hundred feet from said intersection; and *if you find that the defendant in this action passed the intersection of Ash and Fourth streets at a rate of speed greater than fifteen miles per hour, he is guilty of negligence, and your verdict shall be for the plaintiff, unless you find that the plaintiff is guilty of contributory negligence, as herein defined.*"

It is argued that the failure of the court to charge the jury that, unless the speed in excess of the legal limit was the proximate cause of the accident, the

plaintiff could not recover, in effect instructs the jury that the respondent was entitled to recover on the appellants' negligence regardless of whether that was the proximate cause of the accident.

In a number of instructions, the court charged the jury that the respondent was not entitled to recover unless the negligence of the appellants was the proximate cause of the accident. The court charged the jury in other instructions on the question of speed, and clearly instructed that unless the negligence of the appellants was the proximate cause of the accident the respondent was not entitled to recover.

The omission from the above-quoted instruction of the question of proximate cause was not such as was calculated, in view of other instructions respecting the doctrine of proximate cause and the question of speed, to mislead the jury. Such technical error was not prejudicial.

■ Error is next assigned on the giving of the following instructions:

"You are further instructed that it is the law of the state of Washington that the operator of any motor vehicle entering upon an arterial highway from a public or private highway, road, street, way or driveway, shall yield the right of way to the vehicles on such arterial highway and shall come to a full stop thereat when and where signs, posts, or other markers so direct or indicate. In other words, the operator shall stop his car at the place where the sign or post or other markers are placed.

"You are instructed that at the time of the accident in question Ash street was an arterial main traveled highway in the city of Kelso and that Fourth street, intersecting said arterial highway, was a stop street. That the laws of the state of Washington provide that an operator of any motor vehicle entering upon an arterial main traveled highway from a street or other highway shall come to a full stop thereat, when and where the signs, posts or other markers so direct or in-

dicate, and shall yield the right of way to vehicles on said arterial highways.

"You are also instructed that all rights of way are relative and the duty to avoid accidents or collisions at street intersections rests upon both drivers.

"You are instructed that if the plaintiff in this action approached this intersection and came to a stop, and that the truck of defendant's was such a distance from said intersection that if driven within the lawful rate of speed, it could not reach the intersection until plaintiff Mitchell was safely across the intersection, and there was nothing to warn the plaintiff, as a reasonable prudent man, that the defendant's truck was approaching in such a manner as to advise him that it was out of control of exceeding the speed limit, and thereby being within actual striking distance, then you are instructed that the plaintiff had the right to proceed into and through the intersection, and if you find that the defendant's truck struck the plaintiff automobile and caused him damages, then your verdict must be for the plaintiff."

Appellants particularly complain of the sentence,

"In other words, the operator shall stop his car at the place where the sign or post or other markers are placed."

Counsel for appellants argue that the purpose of the statute (Rem. Rev. Stat., § 6362-40 [P. C. § 196-40]) is to require the operator of a motor vehicle to stop his vehicle immediately before entering upon an arterial highway; and if the operator may stop his vehicle, as the deceased did in the case at bar, twenty-eight feet from the intersection and then not stop immediately prior to entering upon the arterial highway, the purpose of the statute is defeated. It is insisted that the language "shall come to a full stop thereat when and where signs, posts or other markers so direct or indicate" does not mean that a vehicle coming up on the side of an arterial highway, or upon side streets to an arterial highway, shall stop at the stop sign, but means

that the driver must stop immediately before entering upon the arterial highway.

The pertinent statute reads as follows:

"The operator of any motor vehicle entering upon an arterial main traveled highway, from a public or private highway, road, street, way or driveway, shall yield the right of way to vehicles on such arterial highway and shall come to a full stop thereat when and where signs, posts, or other markers so direct or indicate." Rem. Rev. Stat., § 6362-40.

The instructions of which appellants complain directly contradict the statutory rule requiring the operator of any motor vehicle entering upon an arterial highway to come to a full stop at such intersection, "when and where signs, posts or other markers so direct or indicate," hence, those instructions were prejudicially erroneous.

Clearly, it was the intent of the legislature to require traffic to come to a full stop immediately prior to entering upon an arterial highway. It would not be reasonable to hold that it should be left to the discretion of the operator of a vehicle whether he will stop at the point of entering upon an arterial highway, in view of the language of the statute. It is not a compliance with the statute to stop at a stop sign, no matter where it may be located, and then proceed across the arterial highway without stopping immediately before entering upon the arterial highway. The stop sign was a warning to the operator of the vehicle of the proximity of the arterial highway, and doubtless was placed twenty-eight feet distant from the intersection to enable the operator to come to a full stop at the intersection. The manifest purpose of the statute is to require the operator of the vehicle to stop immediately before entering upon the arterial highway at a point where he can see traffic approaching from either direction on the arterial highway.

*Fothergill v Kaija,* 183 Wash. 112, 48 P. (2d) 643, 53 P. (2d) 1198, does not support the position of the respondent. We did not hold that the driver entering an arterial highway must stop at the stop sign regardless of where it is located and thereby be excused from coming to a full stop at the intersection when entering upon an arterial highway.

The judgment is reversed, and the cause remanded with direction to grant a new trial on the ground that the instructions that it was the duty of deceased to stop wherever the stop sign might be located and not at the place where the vehicle would enter upon the arterial highway were erroneous.

ROBINSON, BEALS, BLAKE, and GERAGHTY, JJ., concur.